The next case today is United States Securities and Exchange Commission v. LBRY Library Foundation Inc. Appeal Number 21-1618. Attorney Kirchert, please introduce yourself for the record and proceed with your argument. Good morning, Your Honors. My name is Corey Kirchert. I represent the Movement Appellant Library Foundation. Chief Judge Lynch, I kindly request two minutes of audience. Yes, you may have it. Your Honors, Federal Rule Civil Procedure 24-A-2 enables a non-party to protect a property interest at risk in pending litigation. Foundation's motion we submit presents the paradigmatic scenario for Rule 24. The two issues that we think the SEC has identified and supported its claim that its protectable interest is the status of LBC and that the status of LBC is pivotal and particular to Foundation. Foundation holds two million LBC, which are library credits, essentially digital tokens. They were donated by Library in 2019, December 2019, to the Foundation and they are Foundation's primary, if not exclusive, asset. The status of the LBC impacts the value of the LBC. Evidenced after the SEC action, there was a tenfold loss in the market value and the transferability of LBC, which is the statutory underwriter problem that these pose if they're declared to be securities. Does every LBC holder who stands to suffer something to their detriment, is everyone entitled to intervene? No, Your Honor, because those individuals or entities would have a right to disgorgement under SEC v. or under Lew v. SEC, which Foundation would not have. Moreover, they don't rely on LBC for their non-profit operations and grant program. But isn't that just a matter of what risk you were willing to assume when you took them in the first place? I'm not sure I understand the question, Your Honor. It's a foreseeable risk that everyone assumes and I just don't understand how you're separate from anyone else who holds this LBC. Okay, so if someone purchases LBC from a library, let's say for $10,000, that $10,000 purchase price, if the SEC succeeds, is subject to disgorgement and refunding back to the buyer. That is not the case. Unlike other holders of LBC, Foundation is not a purchaser, but moreover, it relies on the LBC to fund its operations and its grant program through which it makes donations of LBC. You seem to be drawing a line between purchase and donation. Are you saying that people who receive this by donation have a disgorgement remedy? No, that we don't have because we never paid anything. No, no. Why is that a foreseeable risk? I don't understand why that's not a foreseeable risk. I mean, you knew that when you took it and you knew the difference between yourself and purchasers. Well, yes, there's a risk that everyone takes given the SEC's extension of its jurisdiction in this area. So, the risk is shared by everyone, but the risk that falls on Foundation is essentially existential, whether or not the entity survives and continues to exist as it was formed. Counsel, if I may interrupt, you started by saying there are two prongs there. One is we have a protectable interest, and two, LIBRI does not adequately represent us. You've drawn a line between donations and purchases. Maybe that's a good line, maybe it isn't. It seems to me that Judge Thompson's point is the same. The risk is out there for everybody, including LIBRI, and LIBRI has every interest in defending itself against the SEC. Well, I agree they do, but our position, as evidenced in our papers, LIBRI does not present the type of argument that's going to succeed. Four minutes remaining, four minutes. I'm sorry. Our standard of review is abuse of discretion. On the face of it, LIBRI, if I'm mispronouncing it, I apologize, has every interest in defending this. The fact that you may want to make a somewhat different argument is not usually a sufficient basis for us to find an abuse of discretion and denial of intervention. We have a number of cases that say that. Well, we don't think that it's simply a different argument, Your Honor. The argument is fundamentally different, and LIBRI has not accepted it. The argument is essentially one of law. LIBRI's approach is one of factual development. In an area where, if you look at the SEC program here, there are really no rules. It makes the assumption that common enterprise, which is a core condition of Howie, is simply a project to construct an online platform. LIBRI doesn't argue that. They don't like the argument. That's why they opposed our admission or they opposed our intervention here. In terms of sufficiency under the abuse of discretion, that abuse of discretion, there are a lot of parts to the decision, namely the facts found, the application of rules to the facts, and whether the rules are correct, conditions are correct. We don't really know what the judge was thinking because he relied on the SEC's motion, which did not, we believe, adequately address the point that our interests are not adequately represented by LIBRI. LIBRI is taking a path that has been taken in the Southern District of New York and two other cases, both of which lost. They both accepted the SEC's position that this common enterprise, critical to an investment contract, can be simply a project or, at worst, the online forum itself, which is, we believe, absurd because it does not articulate with the registration. The common enterprise is critical because it is the thing, it is the entity that actually issues a security if one is issued. And in this case, that didn't happen. These LBC are simply tickets and they don't have, they don't give the holders any right to any assets of LIBRI or any other entity for that investment contracts or any other type of security. So in terms of the argument differential, our position is that the arguments are radically different. The fact that they cover the same question, there's only one issue in this case, is whether or not LBC are securities. And our position is that LIBRI is not doing a good job of defending our interests, which are unique because we are the only entity that relies on these, and we will not recover anything in the event that the SEC succeeds because everybody else is entitled to disgorge. I'm sorry, I did not follow that last statement, but Judge Halpy has a question for you. Okay, two separate questions. This is the first. This is, the way I see this, this is an enforcement action filed by the SEC. So the SEC has the, let's call it, prosecutorial discretion as to which entities to enforce or not enforce any action. And here it's not your client, it's the other entity. The way I see it, and again, if you look at the broad context administratively, IRS enforces, you know, has enforcement actions all the time, EPA, all federal agencies can enforce. My question is, in the specific context of an enforcement action, what is your specific ground or what entitles you to intervene? Because again, this is only really going to affect that particular party, not your client. And that's question one. And the second, let me put the second part of the question. The second part of the question is, if you do have an interest, why not an amicus? Or why, you know, not, you know, or try to perhaps file a separate action, a declaratory judgment or something. There's other alternatives that are not intervention. I don't think you sought any of those. So those are my two-prong question. Well, first, your honor, the first, as to the first question, the effect of this case will be dramatic on library, which is exactly why we believe 2482 applies perfectly to this case. Because if it's the case that the SEC... Time has expired. Go ahead and answer. If it's the case the SEC succeeds, those interests that we described in a brief that I just mentioned are gone. They're no longer there. Their existence ceases. So that is precisely the interest. As far as the SEC enforcement action, we do not need to be a defendant to intervene. There are many cases where defendant intervenors, they come into cases and be plaintiff doesn't need to bring a lawsuit or make a claim against that particular defendant intervenor at all. So it's not necessary as the SEC claims that they name us as a defendant too. We believe that argument specious because we can come in as an intervenor, make a motion, and then if the claim is settled, we're out because our involvement is dependent solely on the existence of the SEC's claim against library. As far as the amicus alternative, we believe that's not really much of an alternative. An amicus brief can come in on someone else's motion, if that is made or not. In this case, we believe that the efficiency in resolving this matter is promoted by our involvement because we can make a motion for summary judgment and thereby attack the SEC's entire theory as to these LBC being securities. We believe that we would promote the efficiency of the outcome by being involved in the case. Amicus, we're relying on what other parties do. Okay. Anything more? No. No. All right. Thank you. Thank you. At this time, would Attorney Alvarez please unmute his audio and video and introduce himself on the record for the court? Good morning, Your Honors. Paul Alvarez for the Library Foundation. As you discussed with my friend on the other side, I think there are many problems with the Library Foundation's argument, and I think the district court's denial of the Library Foundation's motion to intervene was a reasonable exercise of its discretion in a number of respects. First, the asserted interests of the Library Foundation, namely to ensure the market value of the library credits it holds, is not a sufficient basis for intervention. As it is contingent upon a number of future events occurring, it is, as you noted, Your Honors, it is the same thin and widely shared purely economic interests that all library credit holders share, most significantly, in fact, library itself, which holds hundreds of millions more library credits than the Foundation and whose business model success is dependent upon those library credits maintaining their market value. And I think, Judge Helpe, as you noted, it's particularly important to point out that this is an enforcement action and that the operative claim in this case is whether or not the library violated Section 5 of the Securities Act and that the consequences... Let me ask you, sorry to interrupt. No problem. Talking about the enforcement action, are you aware of any case law in which a court of appeals or even perhaps a district court has allowed intervention as very similar to what is sought in this case? Not in this particular posture, no. I think there have been situations where intervention has been granted in, say, a relief defendant capacity where there is an in rem interest in a particular asset that may be subject to maybe an equitable receiver selling that asset to satisfy a disgorgement judgment and someone has a claim on the asset that is at issue, something like that. And as we referenced in our brief, Your Honors, there have been a number of instances in the digital token space recently where other entities have sought to intervene to weigh in on the legal issue of whether digital tokens are securities and subject to the registration requirements under the Securities Act. And the courts have uniformly denied those entities to seek leave to file an amicus brief. And my friend has mentioned that an amicus brief would not be sufficient here. And that sort of goes to one of the other problems that found the foundation has in terms of satisfying its burden is that they cannot show the denial of intervention would impede its interest, which is to weigh in on this purely legal issue of whether digital tokens are securities. That issue, as counsel has admitted, is the same issue. Indeed, the only legal issue that it wishes to weigh in on, and it doesn't matter about the facts or development about the facts, it's a legal issue. So our case law that says that when amici raise issues not raised by the parties, you're saying that that wouldn't be applicable here because if foundation offers a pure question of law, which would be the appropriate way to judge the law, the court could consider it anyway. Well, you consider it as an amicus, but I certainly, I don't think that it needs to consider that issue as a party. I still haven't, they haven't made clear to me either in their brief or in their arguments today that they need to intervene in I'm sorry, you're wrong. Let me try to be a little clearer. I said, our case law says that we don't usually consider arguments raised by the amicus, but not raised by the parties. So what I'm asking you is given that limitation as an amicus, is it your position that because they're only raising an issue of law that we wouldn't be to consider their argument because it would be the correct argument to apply if the district court found their legal position correct? So I think it's certainly your first question. It wasn't your problem, your honor. It was mine. And so I'm hoping that I can answer your question here. I think that's correct. I assure you it's correct that we do not entertain new arguments from amicus amici that are not raised by the party. So let's just start there. Yes, no, that is correct. But I think in this particular instance, I think it would be the court when considering whether to, when determining whether to consider an amicus brief, certainly has discretion to consider the type of argument that the foundation would like to make. And practically, I think they have an opportunity to do so here. Summary judgment, as I understand it, is slated for April of this coming year. So to the extent that, you know, the fact that they have been denied intervention does not inhibit them from proposing to the district court that this is an argument that it should consider. And indeed, if it's as meritorious as the foundation claims that it is, I think the district court would be within its discretion to consider that argument. So you're saying the enforcement defendant has, in fact, filed a motion for summary judgment. And so in this case, I don't know whether it was the, I think it's the court indicated that it wishes to determine issues on summary judgment in April. Okay. So I don't know that a particular motion has been filed. So that argument disappears. Correct. Okay. All right. Correct. And as to adequate representation, I think, you know, there's a, as the foundation has indicated, it shares the same litigation. It does wish to raise the same legal argument that, albeit a variation of the same legal argument that library is raising. And the issue is purely legal. And as this court has repeatedly said, and Judge Lynch, you mentioned this, under those circumstances, that is not sufficient to And so as the foundation has failed to meet three of the essential elements warranting intervention here, any one of those failures is sufficient to deny intervention. And given that they have failed in a number of respects, it was not an abusive discretion for the district court to deny intervention. I'm happy to answer any further questions you may have. Uh, I have none. Let me ask my colleagues. No. Good. Okay. Thank you. Thank you very much, Your Honor. We ask that you would affirm. Thank you. Yeah. Thank you, Mr. Alvarez. Please mute your audio and video at this time. And Mr. Kurchert, please reintroduce yourself to begin your rebuttal. Yes, Your Honor. My name is Corey Kurchert. In response to the questions of the reality is this, Your Honor, that this case is the demise of foundation if library loses. The interests are not contingent. The outcome will definitely provide and harm library foundation. So the question I think that is critical here is why is it so difficult for one to intervene into a case where we satisfy these conditions? Yes, the legal question is the only question in this case. And the approaches that library takes are radically different and proven not to succeed. So is there anything from your same question I asked your opponent, is there anything that would prevent the district court from considering your argument if it is a man? Well, maybe not, Your Honor, maybe nothing preventing, but there's nothing ensuring that it will be even considered. I mean, I've done amicus briefs before. There's no requirement to my knowledge that the court even consider them. And that's assuming that the procedural mechanism is in place to even contribute. So if we're shut out of this litigation, we're basically our interests are at risk and those risks will not diminish as a result of libraries purportedly adequate representation of those interests. So the amicus alternative we claim is absolutely insufficient. And again, my question is why is it so difficult when you've satisfied all the requirements and we've gone into great detail as to what our radically different from libraries argument. It's quite clear why the SEC does not want us to have any ability to move for summary judgment. What's not clear is why library opposes your intervention. Your Honor, I can only speculate as to the reasons for that. Well, speculate for me because it makes no sense. If you're offering good arguments that they're rejecting, they must have some reason that they don't want you in the case. Well, Your Honor, you know, there are obviously two parts to representation, the attorneys and the client. And there are different interests that one can assume are involved. So beyond that, I feel uncomfortable discussing perhaps the economics of representation. And in fact, in this whole area of representation, some of these cases have generated significant legal fees. And if it's the case that we're allowed into this matter, it would not promote that particular preference. Yes, but they may also have in their view a foundation that's a captive foundation that was set up to further libraries interests. And that should not be allowed to have an independent existence apart from library. That's another answer. Well, Your Honor, as you know, separate corporations have different interests. And in this case, they don't have the same interest in the approach to some overlapping boards. And there's a great degree of control. And yes, go ahead. Well, Your Honor, that was some of the information the SEC put into its original papers. And it wasn't supported. To my knowledge, there is no overlap in the boards. In fact, did you? I'm sorry. Have you made a filing? Or are you just saying to your knowledge? No, in our filings, we submitted two declarations of the board member, who represents that at this point, there are no, to my knowledge, there is no overlap. The former CEO, I'm sorry, the CEO of library was on the board at one point, as far as I understand. But to my knowledge, there is absolutely no overlap. And there's evidence that we presented the SEC did not to show that's the case. Okay, we'll take a look at that. Thank you. Okay, thank you, Your Honor. Okay, thanks very much. Thank you. That concludes our arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this Honorable Court. Counsel, you may disconnect from the meeting.